UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JASON EDWARD COOPER,

Plaintiff,

v.

CATHERINE SMITH, et al.,

Defendant.

CASE NO. 2:26-CV-2977-TMC-DWC

ORDER DECLINING TO SERVE COMPLAINT

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Jason Edward Cooper, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by October 28, 2026, to cure the deficiencies identified herein.

## I. Background

In the Complaint, Plaintiff, an inmate currently housed at the Monroe Correctional Complex – SRTC, alleges Defendants, employees of Washington State, violated his constitutional rights when they failed to provide him with suboxone, which he appears to allege is an opiate pain management medication. *See* Dkt. 6. Plaintiff requests injunctive and monetary relief. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but

must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff provides generalized allegations that the Washington State Department of Corrections ("DOC") authorized the use of suboxone to treat his chronic pain. Dkt. 6. He alleges Defendant Catherine Smith and non-party Dr. Promojc approved the use of suboxone in 2023, but the DOC did not provide the suboxone until May of 2024. *Id*. He then states he was on suboxone from May 2024 until February 2025, but it appears he is no longer receiving suboxone.

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff has provided generalized allegations that he has been harmed. Dkt. 6. Plaintiff does not adequately explain what actions the named defendants took or failed to take which violated his rights. While Plaintiff alleges he was not given a specific medical treatment, he has not sufficiently alleged the failure to provide suboxone was done with deliberate indifference or was more than a difference in medical opinion. For example, Plaintiff alleges Defendant Hernandez knew Plaintiff had been prescribed suboxone and failed to provide it for Plaintiff; however, Plaintiff has not alleged how Defendant Hernandez *knew* Plaintiff should have been provided suboxone. In sum, Plaintiff's allegations are insufficient to show a state actor personally participated in conduct that resulted in a constitutional violation. As Plaintiff has not

alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

**III. Conclusion**

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is directed to show cause why this case should not be dismissed. In the alternative, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before **October 28, 2026**. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim. The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 28th day of September, 2026.

David W. Christel
United States Magistrate Judge